IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GILBERT ORTIZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. |
| | § | 16-cv-2500 |
| CROWN EQUIPMENT CORPORATION, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Gilbert Ortiz files this Original Complaint and Request for Disclosure, complaining of Defendant Crown Equipment Corporation ("Crown"), and states:

## I.
## PARTIES

1. Plaintiff Gilbert Ortiz is a resident of Dallas County, Texas.

2. Defendant Crown Equipment Corporation is a foreign for-profit corporation with its principal place of business in Ohio and doing business in Texas at the time of the filing of this action. This Defendant is a non-resident engaged in business in Texas and/or directs its activities to Texas, and specifically this judicial district, designing, manufacturing, assembling, distributing, leasing, and selling forklifts and other machinery to businesses in the State of Texas.

Plaintiff's causes of action arise from Defendant's business in this state. Service of process may be had upon Crown Equipment Corporation through its registered agent, CT Corp System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## II.
## JURISDICTION

1. Pursuant to 28 U.S.C. § 1332, jurisdiction is proper because there is diversity of citizenship among and between the parties to this civil action and the amount in controversy exceeds the minimum jurisdictional limits of this Court. The amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

2. Under 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to claims in the action within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## III.
## VENUE

Under 28 U.S.C. § 1391, venue is proper in this Court because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred.

# IV.
# FACTS

1.     On or about July 2, 2015 in Coppell, Texas, Plaintiff Gilbert Ortiz was operating a Crown RR 5700 Series Stand-Up Reach Forklift ("Crown Forklift"), Serial No. 1A400679, in a warehouse when the forklift stalled and the power to the control arm shut off but the truck continued rolling toward a metal barrier. Plaintiff attempted to stop the forklift by lifting his foot off the brake pedal but the truck would not stop rolling. The forklift collided with the barrier, crushing Plaintiff's left foot, and then came to a rest after bouncing off the metal barrier.

2.     At all times in question, Defendant Crown Equipment Corporation was engaged in the business of designing, testing, manufacturing, distributing, marketing, and selling forklifts, include the RR 5700 Series Stand-Up Reach Forklift in question.

# V.
# STRICT LIABILITY CAUSE OF ACTION AGAINST
# DEFENDANT CROWN EQUIPMENT CORPORATION

1.     Plaintiff adopts and re-alleges each paragraph set forth above.

2.     Defendant Crown was at the time of the occurrence and is engaged in the business of designing, manufacturing, and distributing forklifts, including the RR 5700 Series Stand-Up Reach Forklift, Serial No. 1A400679, made the basis of this suit.

3.     Defendant knew that all forklifts, include the RR 5700 Series Stand-

Up Reach Forklift ("Crown Forklift"), Serial No. 1A400679, might be involved in foreseeable stalling or loss of power during the useful life of the forklifts.

4. The forklift in question was unreasonably dangerous and defectively designed, manufactured, distributed, and marketed as follows:

   a. In the event the Crown Forklift stalled or lost power while in motion, there was no brake mechanism to manually or mechanically stop the truck; and

   b. The Crown Forklift failed to provide sufficient occupant protection during a collision because there was no door or barrier to prevent Plaintiff's extremities from exiting the compartment, i.e., his left foot.

5. The above defects and dangers were latent and Plaintiff could not have been aware of their existence prior to this accident.

6. On or about July 2, 2015, the Crown Forklift was substantially unchanged from its condition when sold and distributed by Defendant Crown.

7. For the reasons stated above, the Crown Forklift was unreasonably dangerous to foreseeable uses, including Plaintiff Gilbert Ortiz, who used the truck in an ordinary and reasonably foreseeable manner.

8. The defects described above were a producing cause of the serious injuries sustained by Plaintiff. The defects directly and in natural and continuous sequence produced or contributed substantially to Plaintiff's injuries and damages.

# VI.
# NEGLIGENCE CAUSE OF ACTION AGAINST
# DEFENDANT CROWN EQUIPMENT CORPORATION

1. Plaintiff adopts and re-alleges each paragraph set forth above.

2. Defendant Crown knew that all forklifts, include the Crown Forklift, might be involved in a foreseeable stall or power shut off while the truck is in motion, such as the incident in question, during their useful life.

3. Defendant knew or in the exercise of due care should have known that the Crown Forklift would be used without inspection and would create a foreseeable and unreasonable zone of risk of harm to Crown Forklift users.

4. Defendant was under a duty to properly and adequately design, test, distribute, and sell the Crown Forklift in a reasonably safe condition so not to present a danger to the general public who reasonably and expectedly under ordinary circumstances would come into contact with the vehicle.

5. Defendant breached its duty by negligently designing, testing, inspecting, packaging, distributing, and selling the Crown Forklift when it was not in a reasonably safe condition for foreseeable use, as follows:

   a. Failing to equip the forklift with a brake mechanism to manually or mechanically stop the truck in the event the truck stalled or lost power while in motion;

   b. Failing to provide sufficient occupant protection during a collision because there was no door or barrier to prevent Plaintiff's extremities from exiting the compartment;

    c. Knowing, or in the exercise of reasonable care should have known, that such foreseeable stalls while the forklift was in motion would occur and that occupant's extremities could be ejected and seriously injured;

    d. Failing to properly design, manufacture, assemble, test, and otherwise place the Crown Forklift on the market for sale to the public in a condition free of defects and hazards, which created an unreasonable danger of injury to users under normal and foreseeable circumstances; and

    e. Failing to adequately warn occupants and users by using stickers, placards, or other proper documentation, or notice, to alert regarding the hazardous conditions, as stated above, involving the use and operation of the truck.

6. The negligence described above directly and proximately caused the injuries to Plaintiffs.

7. Defendant knew that similar accidents had occurred prior to the incident in question. Despite such knowledge, Defendant designed and manufactured the Crown Forklift to be used without a proper foot guard, without a manual brake mechanism, and without adequate warnings to users that was not safe for its intended and ordinary use.

8. Defendant further impliedly warranted to the public in general and specifically to users of the product that the Crown Forklift was of a merchantable quality and was safe and fit for its intended purpose when used under ordinary foreseeable conditions and in an ordinary foreseeable manner. Plaintiff relied upon these implied warranties to his detriment.

9. Defendant's foregoing acts and omissions, under these circumstances, constituted gross negligence and were a producing and/or proximate cause of Plaintiff's resulting damages.

# VII.
# DAMAGES

1. As a result of the incident described herein, Plaintiff sustained a crushed left foot, crushed bones, and nerve damage and underwent surgeries. He has incurred medical expenses in the past and in all reasonable probability such medical expenses will continue in the future.

2. Plaintiff has experienced mental anguish and emotional distress in the past and in all reasonable probability such mental anguish and emotional distress will continue in the future.

3. Plaintiff has experienced physical pain and suffering in the past and in all reasonable probability such physical pain and suffering will continue in the future.

4. Plaintiff has experienced physical disfigurement in the past and in all reasonable probability will suffer disfigurement in the future.

5. Plaintiff has experienced physical impairment in the past and in all reasonable probability will suffer impairment in the future.

6. Plaintiff has suffered lost earnings and earnings capacity in the past and in all reasonable probability such loss of earning capacity will continue in the

future.

## VIII.
## EXEMPLARY DAMAGES

Plaintiff's injury resulted from Defendant's gross negligence, which entitles Plaintiff to exemplary damages.

## IX.
## CLAIM FOR PREJUDGMENT AND POST-JUDGMENT INTEREST

Plaintiff herein claims interest in accordance with applicable law.

## X.
## JURY DEMAND

Plaintiff requests a jury trial.

## XI.
## PRESERVATION

The Defendant is hereby given notice that any document or other material, including electronically stored information, that may be evidence or relevant to any issue in this case is to be preserved in its present form until this litigation is concluded.

## XII.
## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff prays that Defendant be cited to appear and answer herein and upon final hearing of this cause, Plaintiff have judgment against Defendant, for damages described herein, for costs of suit, pre-judgment and post judgment interest permitted by law, and for such other relief

to which Plaintiff may be justly entitled.

        Respectfully submitted,

        TURLEY LAW FIRM

        */s/   T Nguyen*
        T Nguyen
        State Bar No. 24051116
        6440 North Central Expressway
        1000 Turley Law Center
        Dallas, Texas 75206
        Telephone No. 214/691-4025
        Telecopier No. 214/361-5802
        Email: tn@wturley.com, and
        davette@wturley.com

        ATTORNEYS FOR PLAINTIFF